UNITED STATES WIND ENGINE & PUMP COMPANY, Appellant, vs. SIMONTON, Respondent.

*January 31 — April 11, 1893.*

*Bills and notes: Indorsement and conditional delivery: Performance of condition prevented by indorser.*

One who indorsed notes with the understanding that he should not be bound by his indorsements until the payee had procured the signature of the maker's wife to a chattel mortgage securing the notes, cannot escape liability because of the nonperformance of such condition precedent, if he prevented such performance by causing another note and mortgage to be substituted, without the consent of the payee, for the notes originally indorsed and the chattel mortgage stipulated for.

APPEAL from the Circuit Court for *St. Croix* County. This action was brought by the plaintiff corporation against the defendant as indorser of two promissory notes made by one Robinson to the plaintiff. It is not disputed that the necessary steps were taken at the maturity of the notes to charge the defendant as indorser thereof. The only defenses necessary to be mentioned are that said notes were never delivered to plaintiff; that they were indorsed by the defendant upon the express understanding with plaintiff that Robinson should secure the same by mortgage to be executed by himself and his wife on certain personal property; that in case they were not so secured the defendant should incur no liability thereon; and that said

notes were never so secured. At the close of the testimony the court directed a verdict for the defendant, and, after overruling a motion on behalf of plaintiff for a new trial, gave judgment for defendant pursuant to the verdict thus directed.

The testimony tended to prove the defenses above stated. It also tended to prove that the · notes were drawn by H. H. Smith, Esq., an attorney at New Richmond, and signed and indorsed by Robinson and defendant, respectively, and delivered to one Hawes, the general agent of the plaintiff corporation. By direction of Hawes, and in the presence of defendant, Smith also drew a chattel mortgage to plaintiff to be executed by Robinson and his wife. The mortgage was upon certain horses of the mortgagors, upon which plaintiff already held a mortgage for another indebtedness of Robinson, and was drawn to secure the payment of such former indebtedness and the two notes indorsed by defendant. This mortgage was drawn in accordance with the agreement of the parties, was executed by Robinson, and was left with Smith, who was to obtain the signature of Mrs. Robinson thereto and was then to file the mortgage in the proper office. Hawes thereupon left New Richmond. Very soon after Hawes thus left, and on the same day, defendant requested Smith to obtain another note from Robinson for the amount of the two notes already executed, and in place thereof, payable at an earlier date, and to change the chattel mortgage so it would be security for the substituted note instead of the original notes. Smith had no authority to do this, and so informed defendant. However, he drew up the note as requested, and made the necessary erasures and interlineations in the mortgage to make it read as a security for such substituted note only. Robinson signed the substituted note, and he and his wife executed the chattel mortgage. Both securities were delivered to Smith, who filed the mortgage in the proper

office. Smith informed the plaintiff corporation of what had been done in the matter, and the corporation, through its agent, Hawes, promptly refused to ratify the same.

Nothing further seems to have been done in the matter, except taking the necessary steps to charge defendant as the indorser of the original notes, until this action was brought. While some of the above propositions of fact were controverted, the testimony is sufficient to support findings that they are true.

The plaintiff appeals from the judgment.

The cause was submitted for the appellant on the brief of *R. H. Start* and *H. H. Smith*, and for the respondent on that of *W. F. McNally*.

LYON, C. J. It was competent for the defendant to withhold delivery of the notes indorsed by him to plaintiff until plaintiff or Smith should procure the execution by Mrs. Robinson of the mortgage on the horses to secure such notes, and should file such mortgage in the proper office. Leaving the notes with Hawes, plaintiff's agent, pending the execution and filing of such mortgage, was not necessarily a full delivery of the notes to plaintiff. It may have been only a conditional delivery, which would be defeated by plaintiff's failure to procure and file such mortgage, unless such failure was caused by defendant. Were there no proof except of the agreement that defendant should not be bound by his indorsements, or, what is the same thing, that the notes should not be fully delivered until the plaintiff procured the execution of the chattel mortgage by Mrs. Robinson, and filed the instrument so executed in the proper office, probably the direction of a verdict for the defendant would be upheld, for such agreement was not performed. But the testimony tends to prove that the defendant, without plaintiff's consent, caused another note executed by Robinson, and a mortgage executed by Robin-

son and his wife, and duly filed, to be substituted for the notes originally indorsed by defendant and the chattel mortgage stipulated for in the agreement between the parties. If defendant procured such substitution of securities without plaintiff's consent, he prevented the execution of the agreement by plaintiff, and cannot now be permitted to escape liability on his indorsements for nonperformance by plaintiff of a condition precedent, the performance of which he prevented by his own unauthorized act. Under the testimony the jury might properly have found that the defendant caused such substitution, and thus prevented the performance by plaintiff of the agreement in respect to the mortgage. Such unauthorized substitution, when established either by conclusive proof or by verdict, is fatal to the defense. Hence, the plaintiff was at least entitled to have the question submitted to the jury, whether the defendant thus prevented the performance by plaintiff of the agreement.

For the above reasons the judgment of the circuit court must be reversed, and the cause will be remanded for a new trial.

*By the Court.*— Ordered accordingly.